Anna Nattes, Respondent, v. Enrique Nattes, Appellant.—Judgment affirmed, with costs. No opinion.

Norah Callery, as Administratrix, etc., of John Callery, Deceased, Respondent, v. Margaret Sugraines and Joseph Sugraines, Appellants, Impleaded with The Bank for Savings in the City of New York, Respondent.—Judgment affirmed, with costs. No opinion.

The People of the State of New York, Respondent, v. Jim Vetere, Appellant.— Judgment affirmed. No opinion.

Louis J. McCloskey and Others, v. Jacob Newmark and Others.— Motion denied, with ten dollars costs. Order to be settled on notice.

In the Matter of Matthias Badin.— Respondent disbarred. Order to be settled on notice.

Elijah W. Sells and Others, Respondents, v. Autographic Register Company, Appellant.— Order modified as directed in opinion and as modified affirmed, without costs. Opinion per curiam.

---

## THIRD DEPARTMENT, JUNE, 1912.

THEODORE D. ALLEN and GEORGE S. MILLER, Respondents, v. THE CITY OF ONEIDA, Appellant.

Appeal from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Madison on the 1st day of March, 1911, and also from an order entered on the 27th day of December, 1911.

Judgment and order affirmed, with costs. All concurred, except Smith, P. J., dissenting in part in memorandum; Lyon, J., not sitting.

SMITH, P. J. (dissenting in part): The contract signed is unambiguous. Plaintiff has recovered for extra work in doing work which was within the terms of the contract, on the ground that before the signing of the contract he was assured by the city authorities that a strict performance thereof would not be required. This holding seems to be unjustified either upon principle or authority. Whatever right the plaintiff might have for reformation of the contract, until the contract is reformed he has no claim for additional compensation for work specifically required thereby. The judgment, therefore, so far as it awards additional compensation for work upon the reservoir site in taking the roots out from the land is in my judgment unauthorized and should be reversed.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES CONNELL, Appellant.

*Crime — abandoning child — proof of fatherhood.*

Appeal by the defendant from a judgment of conviction rendered in the Albany County Court on the 2d day of April, 1912.

LYON, J.: The defendant was indicted charged with the crime of abandoning his seven months' old child, and upon the trial was convicted,